Carmen Rodríguez López, demandante y apelada, *v.* José M. Toral, Violeta Toral de Ramo y su esposo, Dr. José Ramos Mimoso, demandados y apelantes.

Núm. 8669.—*Sometido:* Abril 12, 1943. *Resuelto:* Mayo 18, 1943.

*V. M. Sánchez Fernández,* abogado de los apelantes; *R. Rivera Zayas y Joaquín Velilla,* abogados de la apelada.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

De la evidencia prèsentada en este caso y especialmente de la escritura número 1 de 18 de enero de 1940 ante el notario V. M. Sánchez Fernández (*exhibit* 1, dte.) resulta que por otra escritura de 8 de febrero de 1939 que no fué presentada en evidencia, Laureano Rosa y su esposa Rosario Rosendo celebraron un contrato con la mercantil García Hnos., S. en C., contrato que denominaron "Venta con Pacto de Retro", y a virtud del cual los expresados esposos decían vender a la citada mercantil, sujeto al indicado pacto, una casa sin solar radicada en la calle Esteban Padilla, de la ciudad de Bayamón. No aparece del exhibit 1 de la demandante cuál fué el precio de la alegada venta, pero sí aparece que ésta se celebró con la condición de que los vendedores o sus causahabientes "podrían retroadquirir la finca vendida en el término de dos años a contar desde la fecha de la mencionada escritura."

No obstante la celebración del citado contrato denominado "Venta con Pacto de Retro", la compradora no entró en posesión material de la casa vendida y por el contrario continuaron poseyéndola los esposos vendedores, quienes la vivieron hasta que por virtud de la citada escritura de 18 de enero de 1940 (exhibit 1, dte.) vendieron a Carmen Rodríguez López el derecho de retracto que ellos alegaban tener sobre la referida casa, por el precio de $400 que la compradora les pagó en el acto del otorgamiento en presencia del notario. Una semana después de otorgarse dicha escritura, Carmen Rodríguez López ocupó la casa y continuó viviéndola hasta que el 17 de diciembre de 1940 la alquiló a Francisco Maymí por canon de $15 mensuales. Maymí ocupó la casa y pagó a la demandante Carmen Rodríguez López el canon correspondiente a los días del mes de diciembre de 1940 y el de enero de 1941, pero al ir la demandante, a principios de marzo, a cobrar el canon correspondiente al mes de febrero de 1941, le manifestó Maymí que ya lo había pagado a la mercantil García Hnos., S. en C., por haber recibido una notificación de dicha firma, suscrita por el Lic. V. M. Sánchez Fernández, requiriéndolo para que pagase dicha mensualidad y las subsiguientes a la referida mercantil, por ser ella desde entonces dueña de la casa en cuestión.

En efecto, el término de dos años convenido para ejercitar el supuesto derecho de retracto había expirado, y García Hnos., S. en C., había considerado que se había consolidado a su favor el dominio de la casa en cuestión. Fueron ineficaces las protestas de la demandante. García Hnos., S. en C., vendió la casa a José M. Toral, dueño del solar, en marzo de 1941, quien continuó cobrando de Maymí los cánones de arrendamiento.

A fin de recobrar la posesión de la casa, Carmen Rodríguez López radicó contra Toral una petición de *injunction* para recobrar la posesión, pero habiendo alegado Toral en su contestación que desde el mes de agosto de 1941 se había "desprendido de la posesión del referido inmueble y pasado

el mismo a la señora Violeta Toral de Ramos Mimoso'' y que por esa razón no procedía contra él el injunction para recobrar la posesión, la demandante radicó una demanda enmendada incluyendo como partes demandadas, en adición a José M. Toral, a Violeta Toral y a su esposo José Ramos Mimoso.

Contestaron todos los demandados oponiéndose a las pretensiones de la demandante, alegando los demandados Violeta Toral y José Ramos Mimoso bajo el epígrafe ''Defensas Especiales'' lo siguiente:

''Como defensa especial los demandados exponen y alegan:

''Primero: Que siendo los demandados Violeta Toral de Ramos Mimoso y su esposo el Dr. José Ramos Mimoso terceros poseedores de buena fe, no procede contra ellos el *injunction* para recobrar la posesión material de la propiedad anteriormente descrita a tenor de lo dispuesto en el artículo 448 del Código Civil (edición de 1911).

''Segundo: Que habiéndose el demandado José M. Toral desprendido de la posesión del referido inmueble y pasado el mismo a la Sra. Violeta Toral de Ramos Mimoso no procede el *injunction* para recobrar la posesión contra el aquí demandado por no tener él dicha posesión.''

Sin prejuzgar los derechos que a la casa pueda tener García Hnos. de acuerdo con el artículo 1410 del Código Civil (ed. 1930), forzoso es concluir que si García Hnos. hubiese conservado la posesión del inmueble, el interdicto hubiera procedido contra ella. Si el interdicto hubiera procedido contra dicha firma, no siendo de aplicación a este caso los principios de la Ley Hipotecaria, toda vez que la casa no está inscrita en el Registro de la Propiedad, es evidente que García Hnos. no podía trasmitir a sus causahabientes una posesión legal cuando la que ella tenía había sido ilegalmente adquirida. En otras palabras, los demandados ocupan la misma posición que tenía su causante García Hnos., S. en C. Por consiguiente, procede contra los demandados el interdicto posesorio, como si ellos y no García Hnos. hubieran sido los que ilegalmente privaron a la demandante de la posesión que reclama.

Parece, a primera vista, que si Violeta Toral y su esposo estaban poseyendo la casa en cuestión, no debió dictarse sentencia contra el demandado José M. Toral. Sin embargo, si se tienen en cuenta las alegaciones evasivas de los demandados, no alegando de manera franca y terminante que José M. Toral vendiera la casa a Violeta Toral, sino limitándose a decir que se desprendió de la posesión del referido inmueble pasándolo a la Sra. Violeta Toral de Ramos Mimoso, repitiendo esta frase en distintas ocasiones, y si se tiene en cuenta además que no existe prueba alguna en los autos tendente a demostrar que la demandada Toral cobrase las rentas de la casa—pues hasta su propio marido lo ignora y ella no compareció a declarar—el juez inferior sin duda al apreciar toda esta prueba pudo racionalmente llegar a la conclusión de que el supuesto traspaso o enajenación hecho por José M. Toral a Violeta Toral era simplemente un ardid para evitar que pudiera dictarse contra él la sentencia de este caso, y continuar directa o indirectamente privando a la demandante de la posesión del inmueble.

*Por lo expuesto, procede desestimar el recurso y confirmar la sentencia apelada.*